THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00239-MR-WCM

| | |
|---|---|
| CHRISTOPHER DONALD CORDULACK, ) ) ) Plaintiff, ) ) vs. ) ) THE WAL-MART CORPORATION, et al., ) ) ) Defendants. ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

I.  **BACKGROUND**

The *pro se* Plaintiff brings this action for breach of contract against the Defendants The Wal-Mart Corporation, an unnamed Walmart "Store Manager," the "Walmart CEO," the "Walmart Board," and "Assoc. Fiduciary Corporations." [Doc. 1 at 1-2]. As a basis for federal jurisdiction, the Plaintiff claims diversity pursuant to 28 U.S.C. § 1332. [Id.]. For the citizenship of the parties, the Plaintiff alleges that he is a citizen of North Carolina; that the "Store Manager" is a citizen of North Carolina; and that the Walmart CEO is

a citizen of Arkansas. [Id.]. The Plaintiff makes no allegations regarding the citizenship of the "Walmart Board" or the "Assoc. Fiduciary Corporations." [Id. at 2]. For the amount in controversy, the Plaintiff alleges that "[c]orporate damages are incalculable, currently." [Id. at 2-3].

As for the contract at issue, the Plaintiff alleges that such contract was entered into by him and "Walmart" on September 12, 2024, and that the contract required the parties to "remunerate each other under fiduciary standards at minimum time cost." [Id. at 4]. In the section of the complaint form which asks the Plaintiff to identify whether the contract was written or oral, he writes, "unknowable." [Id.]. For damages, the Plaintiff claims "US $35 plus processing fee." [Id.].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

2

## III. DISCUSSION

### A. Application to Proceed with Prepaying Fees or Costs

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. In his Application, the Plaintiff asserts that he has an annual income of $72,900, and he claims only $2.50 in monthly expenses. [Id. at 2, 4]. Based on the information provided, it appears to the Court that the Plaintiff has sufficient resources from which to pay the filing fee for this action. Consequently, the Plaintiff's application is denied.

### B. Section 1915 Review of Complaint

In order to have subject matter jurisdiction over the Plaintiff's claims pursuant to § 1332, there must be diversity of citizenship between the parties and more than $75,000 in controversy. See 28 U.S.C. § 1332. In his Complaint, the Plaintiff does not identify the amount in controversy involved, stating only that the damages are "incalculable." [Doc. 1 at 4]. Moreover, the Complaint fails to establish the diversity of the parties' citizenship, as the Plaintiff alleges that both he and the unnamed Walmart "Store Manager" are citizens of North Carolina. [Id. at 2]. Because the Complaint fails to establish that diversity jurisdiction exists—there being no other basis for subject matter

3

Case 1:24-cv-00239-MR-WCM    Document 3    Filed 09/24/24    Page 3 of 5

jurisdiction asserted—the Court concludes that this action must be dismissed for lack of subject matter jurisdiction.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff has sufficient resources from which to pay the required filing fee. Accordingly, his application to proceed without the prepayment of fees or costs is denied. The Court further concludes that it lacks subject matter jurisdiction over the Plaintiff's Complaint. Accordingly, the Complaint is dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED**. The Plaintiff shall have thirty (30) days from the entry of this Order within which to pay the required filing fee.

---

[1] Even if subject matter jurisdiction existed in this case, the Plaintiff's Complaint would subject to dismissal as being frivolous. While the Plaintiff alleges that he entered into a contract with "Walmart," the Plaintiff fails to sufficiently allege the existence of any contract or specific contractual provision that was breached by any of the named Defendants. Further, to the extent that the Plaintiff claims the breach of his contractual rights, such allegations are too vague and conclusory to state a claim.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: September 23, 2024

Martin Reidinger
Chief United States District Judge